UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
In re FIRST BANCORP DERIVATIVE        :       05 Civ. 9458 (JSR)
LITIGATION                            :
------------------------------------ x       MEMORANDUM

JED S. RAKOFF, U.S.D.J.

By Order dated January 6, 2006, the Court (i) consolidated three actions under the joint heading In re First BanCorp Derivative Litigation, (ii) approved in principle the lead counsel proposal made by the plaintiffs' lawyers in those cases,[1] and (iii) stayed discovery only for the six weeks necessary to resolve defendant First BanCorp's proposed motion under Rule 23.1, Fed. R. Civ. P. This Memorandum will briefly elaborate the reasons for the third ruling.

First BanCorp's preferred position is that all discovery be stayed in these derivative actions because somewhat parallel discovery will automatically be stayed, by virtue of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in the various class actions filed in this Court[2] and in the District of Puerto Rico[3] that allege federal securities fraud arising from the

---

[1] The approval was subject to the attorneys' filing, for the Court's review, a written particularization of their proposal, which they had so promised to do by January 6, 2006. It appears they have not done so. If the written proposal is not filed with the Court by 5 p.m. on January 9, 2006, such untimeliness will suggest that the proposal is not working properly and will require the Court to reconsider its prior approval.

[2] Plumbers and Pipefitters Local 51 Pension Fund v. First BanCorp, 05 Civ. 9379; Thompson v. First BanCorp, 05 Civ. 9700; and Carnicelli v. First BanCorp, 05 Civ. 10186. These actions are consolidated under the caption Plumbers and Pipefitters Local 51 Pension Fund v. First BanCorp.

[3] Fox v. First BanCorp, 05 Civ. 2148; Connelly v. First BanCorp, 05 Civ. 2176.

same or similar transactions addressed in the derivative actions.  On its face, however, the relevant provision of the PSLRA applies only to actions brought under Chapter 2B ("Securities Exchanges") of Title 15, U.S. Code.  Specifically, 15 U.S.C. § 78u-4(b)(3)(B) of the PSLRA provides:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

Although First Bancorp argues that the force of this provision will be eviscerated if it is not also applied to parallel derivative actions, Congress, which doubtless was aware of the possibility of such derivative actions, used language that only applies to federal securities actions.[4]  Indeed, when, a few years later, Congress passed additional legislation to prevent "end-runs" around the PSLRA in the form of certain state law actions, see the Securities Litigation Uniform Standards Act of 1998, it made no attempt to broaden the above-quoted provision to apply automatically to bona fide derivative actions brought under state law, but simply gave a federal court discretionary authority to stay state action

---

[4] And not even to all such actions.  For example, one of complaints here alleges, in addition to the derivative claims under state law, an accounting violation of Section 304 of the Sarbanes-Oxley Act, which, being codified as part of Chapter 98 of Title 15, is not directly subject to the PSLRA's automatic stay.

2

discovery if necessary "in aid of its jurisdiction."  15 U.S.C. § 78u-4b(3)(D).

While the case law on the interplay between the PSLRA automatic stay and discovery in state law derivative actions is less than perfectly consistent, on the whole federal courts have refused to stay discovery in derivative actions brought independently of parallel securities fraud class actions.  See, e.g., In re FirstEnergy S'holder Derivative Litig., 219 F.R.D. 584, 586-87 (N.D. Ohio 2004); In re Tyco Int'l, Ltd. Multidistrict Litig., No. 02 MD 1335, 2003 WL 23830479, *3 (D.N.H. Jan. 29, 2003).  The cases to the contrary, despite occasional broad dicta, virtually all involve special circumstances not here present, most commonly, the presence in the same action of both federal class action securities fraud claims and state law derivative claims.  See, e.g., Winer Family Trust v. Queen, No. 03 Civ. 4318, 2004 WL 350181, *1 (E.D. Pa. Feb. 6, 2004); In re Trump Hotel S'holder Derivative Litig., No. 96 Civ. 7820, 1997 WL 442135, *2 (S.D.N.Y. Aug. 5, 1997).

The Court concludes, therefore, that separate derivative actions are not automatically subject to the discovery stay of the PSLRA and that such actions, not being subject to many of the class action abuses at which the PSLRA was especially directed, see Tobias Holdings, Inc. v. Bank United Corp., 177 F. Supp. 2d 162, 165 (S.D.N.Y. 2001), do not usually warrant such a stay.  Such derivative actions do, however, differ from other state law cases brought in federal court pursuant to diversity jurisdiction, in that they are

3

governed by the provisions of Fed. R. Civ. P. 23.1 ("Derivative Actions by Shareholders"), which requires that several special requirements be met before such an action may be maintained. Whether these requirements are, as they facially appear, procedural in nature, or whether, as First BanCorp here argues, they adopt by reference certain substantive requirements of state law, the very existence of this special rule bears testament to Congress' concern that derivative actions -- in which individual shareholders seek, in effect, to speak for the corporation -- may often partake of their own special abuses and therefore ought to be subject to early scrutiny by the courts. Accordingly, whether or not required to do so by state law implications, the Court believes that in cases such as the instant ones, it is appropriate for the Court, in the exercise of its discretion, to stay discovery for the short time necessary to hear and decide a motion to dismiss under Rule 23.1.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       January 8, 2006

4